Phillip Lee AUSTIN *v.* STATE of Arkansas

CR 78-100                                                    571 S.W. 2d 584

Opinion delivered October 2, 1978
(Division I)
[Rehearing denied November 6, 1978.]

*Kenneth C. Coffelt*, for appellant.

*Bill Clinton*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Justice. This is an appeal from the trial court's denial of appellant's petition for post-conviction relief pursuant to Arkansas Rules of Criminal Procedure, Rule 37.

Appellant was charged by information on March 7, 1977, with the offense of first degree battery, in violation of

Ark. Stat. Ann. § 41-1601 (Repl. 1977). Appellant was tried by a jury on June 30, 1977, and on a verdict of guilty, appellant was sentenced to six years in the Arkansas Department of Correction and was fined $1,000.00. A motion for a new trial was filed on July 7, 1977, wherein appellant alleged that he was innocent of the charge and attached to his motion for a new trial affidavits of Wendell Withers and Oria Austin, who had testified during the trial, and claimed in their affidavits that Wendell Withers shot the victim, Edmond Harris, and not the appellant. It is clear from the affidavits that these witnesses have renounced the testimony offered during the initial trial. As a matter of fact, during the trial, the witnesses essentially testified that they did not know who had shot the victim, Edmond Harris, but now, it seems, they are ready to come forth with the whole truth.

The motion for a new trial was heard on July 27, 1977, and was denied by the trial court. Appellant appealed to this Court and the judgment of the trial court was affirmed in an opinion not designated for publication on March 27, 1978.

On May 1, 1978, we granted appellant's petition to proceed in the lower court under Arkansas Rules of Criminal Procedure, Rule 37. Accordingly, appellant's petition was filed with the trial court on May 3, 1978.

On June 9, 1978, a hearing was conducted by the trial court and, after receiving testimony offered in support of appellant's petition, the trial court denied the petition finding that appellant had received a fair and impartial trial at his initial trial.

It is plain from this record before us that the issues now presented in this petition for post-conviction relief are essentially the same issues raised in appellant's motion for a new trial filed in the trial court on July 7, 1977, and reviewed by this Court on an appeal, from the trial court's ruling, on March 27, 1978. In other words, appellant seeks a second review of issues which have already been accorded a full and final review by this Court as well as the trial court.

It is well settled that under Rule 37.2(b), issues finally adjudicated may not serve as a predicate for subsequent post-

conviction petitions. We hasten to conclude that appellant is precluded from relitigating finally adjudicated issues.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.