Willie Earl BELL *v.* STATE of Arkansas

CR 78-69                                        579 S.W. 2d 586

April 23, 1979

*Willie Earl Bell, pro se.*

*Steve Clark,* Atty. Gen., for appellee.

## PER CURIAM

Petitioner was convicted of burglary and theft of property and sentenced to 12 years and three years, respectively. We affirmed, *Bell* v. *State,* not designated for publication (November 6, 1978). Petitioner now seeks permission to proceed in circuit court under Criminal Procedure Rule 37 for postconviction relief and sets forth two grounds for relief challenging the composition and empanelling of the jury. His appeal was filed on May 15, 1978, and on September 12, 1978, his attorney filed a motion for permission to proceed under Criminal Procedure Rule 37, which was denied on October 2, 1978, as being premature. Petitioner's present petition is identical to the petition filed by his attorney and the allegations are discussed below.

Let it be stated at the outset that the composition of the jury was not challenged in the trial court and voir dire of the jury is not included in the record. In order for a petitioner to claim postconviction relief regarding the deprivation of a constitutional right when the issue was not raised in the trial court, the burden is on petitioner to show why the issue was not raised and the prejudice that resulted. *Wainwright* v. *Sykes,* 433 U.S. 72 (1977). This petitioner has failed to do.

However, regarding petitioner's allegations, he first alleges:

A. The jury did not represent a cross-section of the community from which it was chosen in that its racial representation was considerably disproportionate to the racial composition of the population area thereby violating the defendant's Sixth Amendment right to a fair and impartial jury;

There is no requirement that juries must reflect various distinctive groups in the community, but the jury panel from which the jury is drawn must not systematically exclude the distinctive groups. *Taylor* v. *Louisiana,* 419 U.S. 522 (1975). Petitioner may not challenge the make-up of the jury merely because a certain number of members of his race were not on the jury, if, in fact, they were not. He must prove his race was systematically excluded. *Apodaca* v. *Oregon,* 406 U.S. 404 (1972).

Secondly, he alleges:

B. The jury was not impanelled in accordance with the applicable statutory provisions of the law of the State of Arkansas and of the United States.

Petitioner's conclusory allegation provides this Court with no facts upon which we could grant relief. He fails to allege by what method the jury was empaneled or by what procedure it should have been empaneled. He even fails to provide the statutory provisions under which he is claiming relief.

Accordingly, petitioner's pro se petition for permission to proceed under Criminal Procedure Rule 37 for postconviction relief is hereby denied.

Petition denied.