Owen WOLFE *v.* STATE of Arkansas

CA CR 79-26                                    586 S.W. 2d 4

Opinion delivered August 22, 1979
and released for publication September 12, 1979

*Tommy Womack,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. This was an appeal to the Arkansas Supreme Court and has been assigned to the Court of Appeals for disposition pursuant to Rule 29(3) of the Arkansas Supreme Court.

In April, 1977, appellant pleaded guilty in the Craighead Circuit Court to separate charges of robbery and theft of property and burglary and theft of property. He was sentenced to two concurrent ten year terms in the Arkansas Department of Corrections on the robbery and burglary charges with five years of each of these sentences suspended during good behavior; and he was sentenced to five year terms on each of the two theft charges, with all sentences to run concurrently. He was committed to prison and later paroled.

Subsequently, he was charged in the Craighead Circuit Court with robbery of a woman's purse. The State then filed a petition for revocation of the prior suspended sentences and requested that the court order execution of the full sentences.

Upon hearing evidence on the petition the court in December,1978, revoked the suspension of the prior sentences and ordered that the prior five year suspended sentences should be consecutive, rather than concurrent as previously ordered.

On appeal it is contended that the evidence was insufficient to justify revocation of the suspension of sentences; and that the court erred in ordering the prior suspended sentences to run consecutively rather than concurrently.

Upon reviewing the evidence, we cannot say that the find-

ing of the court that the appellant had violated the good behavior terms of the suspension of sentences was clearly against the preponderance of the evidence. *Cogburn v. State,* 264 Ark. 173, 569 S.W. 2d 658 (1978). On the issue raised as to the power of the court to change the prior judgment which ordered that all of the sentences would run concurrently, we hold that the court was without jurisdiction to change the prior judgment to require that the two five year suspended sentences should run consecutively rather than concurrently.

Unquestionably, the court had the power to revoke the previous suspension of sentences upon finding that appellant had violated the good behavior terms of the suspension; however, as the original judgment imposed sentences and provided that all of the sentences would be concurrent, the court was without authority to change the previously imposed sentences from concurrent to consecutive. The cases of *Williams, Standridge and Deaton v. State,* 299 Ark. 42, 313 S.W. 2d 242 (1958) and *Cashion v. State,* 265 Ark. 677 (1979) are controlling on this point.

The circumstances here are unlike a situation in which the court withholds the imposition of sentence. Where the imposition of sentence is withheld, and the court later revokes suspension of sentence, Ark. Stat. Ann. § 41-1208 (6) empowers the court to impose any sentence that might have been imposed originally for the offense of which the defendant was found guilty. Ark. Stat. Ann. § 41-801 (1) defines the word "suspension" within the context of the aforementioned section as meaning to "suspend imposition of sentence."

However, in the present case the court on April 5, 1977 sentenced the appellant to ten years in the Arkansas Department of Corrections on the plea of guilty to robbery and for the same term on a plea of guilty to burglary. Five years of each ten year term was suspended during good behavior and it was ordered that the sentences in both convictions would run concurrently. The sentences were pronounced and only the execution of a portion of the sentences was suspended. Under these circumstances, Ark. Stat. Ann. § 41-1208 (6) does not empower the court to change the prior sentences

that were pronounced against the appellant so as to make them run consecutively rather than concurrently. Once the concurrent sentences were imposed the court was without jurisdiction to modify the sentences in the present proceeding to make them run consecutively.

No issue is here raised as to the authority of the court in imposing the sentences in April, 1977, to suspend a portion of the sentences "during good behavior" rather than on one or more of the specific conditions authorized by Ark. Stat. Ann. §41-1203 which provides a more definite standard of conduct for suspended sentences. Nor is any issue raised as to whether the original suspension of enforcement of sentences was permissible in view of Ark. Stat. Ann. § 41-803 which became effective January 1, 1976. The latter section excludes all sentences not authorized by the Criminal Code that became effective January 1, 1976.

The orders of the court revoking the suspension of a portion of the sentence in each of the two convictions are affirmed. The portion of the orders of the court modifying the prior judgments of the court to make the sentences run consecutively, rather than concurrently, as previously ordered, are reversed and the cause is remanded for the entry of appropriate orders in keeping with this opinion.

PENIX, J., not participating.