Johnnie Lee CHISUM *v.* STATE of Arkansas

CR 80-213                                   625 S.W. 2d 448

Supreme Court of Arkansas
Opinion delivered November 30, 1981

*Richard Gardner, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. On May 26 of this year we affirmed Chisum's conviction for manslaughter. *Chisum v. State,* 273 Ark. 1, 616 S.W. 2d 728 (1981). His petition for rehearing was denied on June 29. On October 23 he filed the present petition seeking the permission of this court under Criminal Procedure Rule 37.2 (a) to file in the trial court a motion for a new trial on the ground of newly discovered evidence. The petition must be denied, for two fundamental reasons.

First, our present Rule 37 is essentially the same as our earlier rule governing postconviction relief. That rule, adopted on October 18, 1965, was called Criminal Procedure Rule No. 1. 239 Ark. 850a. It was not intended to provide within itself for a second trial. Rather, it created a method for determining whether the accused's rights with respect to constitutional or statutory requirements had been violated "or whether the sentence [was] otherwise subject to collateral attack." *Thacker v. Urban,* 246 Ark. 956, 440 S.W. 2d 553 (1969). There was no reason for this court to create machinery for a *direct* attack upon judgments in criminal cases, because that remedy had been adequately supplied by statute for a century or more. Consequently Criminal

Procedure Rule No. 1 and its successor, our present Rule 37, provide a remedy when the sentence is vulnerable on constitutional grounds or is otherwise subject to *collateral* attack. Rule 37.1.

A motion asking the trial court to grant a new trial for newly discovered evidence is plainly a direct effort to have the judgment vacated, not a collateral attack. See *Woods* v. *Quarles,* 178 Ark. 1158, 13 S.W. 2d 617 (1929). We have already expressed our doubts, without having to decide, whether newly discovered evidence is a proper basis for relief under our postconviction rule. *Gross* v. *State,* 242 Ark. 142, 145, 412 S.W. 2d 279 (1967). We now declare that it is not.

Second, although, for the reasons stated, our permission is not required under Rule 37.2 (a) for the filing of a motion for a new trial for newly discovered evidence, the present motion could not have been granted even if it had been filed in the trial court rather than here. Its filing in October, 1981, after the trial and judgment in February, 1980, was far too late. Such motions have never been favored; consequently the time limitations have traditionally been short. The Criminal Code of 1869 required that a motion for a new trial in a criminal case for newly discovered evidence be filed within the same term of court as the entry of the judgment. Ark. Stat. Ann. §§ 43-2202 and 2203 (6) (Repl. 1977); *Delaney* v. *State,* 212 Ark. 622, 207 S.W. 2d 37 (1948). Our present criminal procedural rule and its predecessor statute both fix the time for filing a motion for a new trial as that allowed for the filing of a notice of appeal (ordinarily 30 days). Criminal Procedure Rule 36.22; Ark. Stat. Ann. § 43-2704. A motion filed 20 months after the judgment is obviously too late.

Furthermore, the motion must show the exercise of diligence, including an explanation of why the evidence was not discovered earlier. *Gross* v. *State, supra.* The supporting documents for the present motion consist of statements by private investigators, but apparently the investigators were not employed until after we had denied the petition for rehearing. For the most part the "newly discovered" witnesses and facts were already known to Chisum and his

attorneys before the trial that resulted in his conviction. There being in effect a total want of any showing of diligence immediately after the trial in February, 1980, the motion could not in any event have been granted.

Petition denied.