L.V. BLAKELY *v.* STATE of Arkansas

CR 84-82                                                671 S.W.2d 183

Supreme Court of Arkansas
Opinion delivered July 2, 1984

Petitioner, *pro se.*

*Steve Clark,* Att'y Gen., by: *Velda West Vanderbilt,* Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner L. V. Blakely pleaded guilty in 1981 to second degree forgery. He was fined $250 and given a five year suspended sentence. The suspended sentence was revoked in 1982 and petitioner was sentenced to ten years imprisonment and fined $1,000. The Court of Appeals affirmed. *Blakely* v. *State,* CACR 83-64 (October 26, 1983). He now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37.

Petitioner contends that the trial court erred when it imposed a sentence of ten years and a $1,000 fine upon revocation of his suspended sentence because he was led to believe that the sentence upon revocation would be equal to the fine and term of suspended sentence imposed when he pleaded guilty. The legality of petitioner's sentence was raised on appeal. Since the question was decided adversely to him, he cannot reargue it under Rule 37. *Neal* v. *State,* 270 Ark. 442, 605 S.W.2d 421 (1980). He also raises in the petition the admissibility of his confession and the question of whether it was proper for the state to bring up his prior conviction, but these issues too were addressed on appeal and are also not cognizable in a petition for postconviction relief.

Petitioner alleges as error that (1) he was deprived of a fair proceeding by the "rush to judgment;" (2) he had made restitution and paid the $250 fine, which is probably an attack on the legality of the sentence after revocation; (3) there was insufficient evidence to revoke the suspended sentence; (4) a statement he made to a police officer should have been suppressed; (5) an unspecified exhibit was wrongfully admitted into evidence; (6) the prosecutor made the prejudicial remark that petitioner was going to prison as a pro; and (7) a witness's testimony was incompetent. These

issues could have been raised in the trial court and on appeal. Matters not raised in accordance with the controlling rules of procedure are waived, unless they present questions of such fundamental nature that the judgment is rendered void. *Swindler* v. *State,* 272 Ark. 340, 617 S.W.2d 1 (1981). As none of the allegations made by petitioner is sufficient to render the judgment in his case void, the issues have been waived.

Petitioner makes the general statements that his sentence was imposed in violation of the constitution and laws of the United States and this State and that he was denied effective assistance of counsel, but he does not offer any factual support for the assertions. Allegations without factual basis do not justify an evidentiary hearing. *Smith* v. *State,* 264 Ark. 329, 571 S.W.2d 591 (1978).

Petitioner contends finally that his plea of guilty was "unlawfully induced or not voluntarily made without complete understanding of the nature of the charge, and consequences of plea." It is not clear whether petitioner is claiming that he was denied effective assistance of counsel when he entered his plea. If so, the burden rests on him to demonstrate ineffective assistance of counsel. *United States* v. *Cronic,* ___ U.S. ___ , 104 S.Ct. 2039 (1984). Petitioner fails to meet this burden because he does not explain how counsel erred. A violation of the right to effective counsel can be shown only by pointing to specific errors by counsel. *Crockett* v. *State,* 282 Ark. 582, 669 S.W.2d 896 (1984). Merely stating without substantiation that the plea was unlawfully induced and involuntary does not demonstrate that counsel was ineffective or that the plea was otherwise invalid.

Petition denied.

ADKISSON, C.J., PURTLE and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. On June 2, 1981, appellant pled guilty to a charge of second degree forgery. He was sentenced to five years and fined the sum of $250. On

November 12, 1982, the court revoked the suspended sentence and imposed a ten year sentence. The Court of Appeals affirmed the conviction October 26, 1983. The matter is before us upon the appellant's application to proceed in the trial court pursuant to Rule 37.

It is elementary that a person may not be required to "run the gauntlet" more than once. *North Carolina* v. *Pearce,* 395 U.S. 711 (1969). In the present case the trial court's judgment stated in part: "[T]he defendant has been convicted upon his plea of guilty . . . . It is adjudged that the defendant is guilty as chaged and convicted." The judgment recites that the court asked the defendant if he had anything to say before the sentence was pronounced. The court found no reason to not pronounce sentence.

The Court should have revoked only the remaining portion of the five year sentence. Cumulative and overlapping sentences were considered by this court in *Deaton* v. *State,* 283 Ark. 79, 671 S.W.2d 175 (1984). In *Deaton* we stated: "The trial court should have revoked only the fixed term remaining on the suspended sentence." After a sentence is imposed the trial court cannot later impose a greater sentence than the one first put into operation. *Culpepper* v. *State,* 268 Ark. 263, 595 S.W.2d 220 (1980); *Wolfe* v. *State,* 266 Ark. 811, 586 S.W.2d 4 (Ark. App. 1979). Once a valid sentence is put into execution the trial court is without authority to amend or revise it. *Hunter* v. *State,* 278 Ark. 428, 645 S.W.2d 954 (1983).

A defendant cannot be sentenced except by authorization of Ark. Stat. Ann. § 41-803. Neither section 803 nor any exceptions thereto authorize a trial court to impose a second sentence after a valid sentence is put into execution. Therefore, the second sentence of ten years imprisonment and a $1,000 fine cannot replace the five year sentence and $250 fine which had already been put into execution. *Shipman* v. *State,* 261 Ark. 559, 550 S.W.2d 424 (1977) The very purpose of Rule 37 is to allow attacks on the sentence collaterally on such matters as constitutionality, jurisdiction and excess sentences. *Rawls* v. *State,* 264 Ark. 954, 581 S.W.2d 311 (1979). A trial court lacks jurisdiction and

authority to change a sentence after appellate review. *Rogers v. State,* 265 Ark. 945, 582 S.W.2d 7 (1979); *Smith* v. *State,* 262 Ark. 239, 555 S.W.2d 569 (1977). Rule 37.1(c) authorizes a colleratal attack on the ground "that the sentence was in excess of the maximum authorized by law. . ."

I would allow petitioner to proceed in the trial court with his Rule 37 request for vacation of the second sentence.

ADKISSON, C.J., and HOLLINGSWORTH, J., join in this dissent.