Seymore COTTON a/k/a Seymore Jameel ABDULLAH
*v.* STATE of Arkansas

CR 87-112                                    738 S.W.2d 90

Supreme Court of Arkansas
Opinion delivered October 19, 1987

*S. Kyle Hunter*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. On September 9, 1969, a jury found appellant, Seymore Cotton, guilty of burglary and fixed his sentence at five years. He did not appeal. On January 29, 1987, over seventeen years after his conviction, appellant filed a petition for post-conviction relief. A.R.Cr.P. Rule 37. He alleged that his conviction should be set aside because of insufficient evidence. The trial court denied the petition on the basis of the three year statute of limitation contained in A.R.Cr.P. Rule 37.2. We affirm the holding.

■■ This Court has repeatedly stated that attacks on the sufficiency of the evidence are direct attacks on the judgment which must be made at trial or on direct appeal. Such attacks cannot be brought under Rule 37. *Sanchez* v. *State*, 290 Ark. 39, 716 S.W.2d 747 (1986) (per curiam); *Hickey* v. *State*, 287 Ark. 197, 697 S.W.2d 118 (1985) (per curiam); *Pride* v. *State*, 285 Ark. 89, 684 S.W.2d 819 (1985) (per curiam); *Jones* v. *State*, 283 Ark. 363, 677 S.W.2d 738 (1984) (per curiam), *cert. denied*, 469 U.S. 1219 (1985); *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984); *Williams* v. *State*, 280 Ark. 543, 659 S.W.2d 948 (1983) (per curiam); *Pitcock* v. *State*, 279 Ark. 174, 649 S.W.2d 393 (1983) (per curiam); *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983) (per curiam). For example, in *McCroskey*, this Court explained:

> [I]nsufficiency of the evidence is not a proper ground for postconviction relief. Rule 37 affords a remedy when the sentence in a case was imposed in violation of the Constitution of the United States or of this State or is "otherwise subject to collateral attack." Rule 37.1. Challenges to the sufficiency of the evidence are a direct attack on the conviction which must be made on direct appeal. As such, the issue is not cognizable under Rule 37.

*Id.* at 157, 664 S.W.2d at 271.

■ On appeal, appellant contends that, based on the evidence presented, no rational trier of fact could have found the essential elements of burglary beyond a reasonable doubt, and therefore, his conviction was violative of his constitutional rights. *See Jackson* v. *Virginia*, 443 U.S. 307 (1979). However, this Court has consistently stated that a constitutional violation is not in itself enough to trigger application of Rule 37. *See, e.g., Bell* v. *State*, 265 Ark. 596, 579 S.W.2d 586 (1979) (per curiam). Rule 37 "is not intended to provide a review of mere error in the conduct of the trial *or to serve as a substitute for appeal . . . .* Unless an allegation raises issues so fundamental as to render the judgment *void*, such issues cannot be raised by the use of Rule 37[.2]." *Woodard* v. *State*, 273 Ark. 235, 240, 617 S.W.2d 861, 864 (emphasis added), *cert. denied*, 454 U.S. 1068 (1981). In this case, even if the facts supported appellant's contention and a constitutional violation did occur, the violation would not be of

such a magnitude as to void the conviction. Therefore, appellant is not entitled to relief under Rule 37.

Affirmed.