STATE of Arkansas *v.* .J.B.

91-309                                    827 S.W.2d 144

Supreme Court of Arkansas
Opinion delivered March 31, 1992

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Gibson & Deen*, by: *Thomas D. Deen*, for appellee.

ROBERT L. BROWN, Justice. The State appeals a dismissal of a first offense DWI charge relating to the appellee, J.B., and asserts error because the juvenile court lacked subject matter jurisdiction to dismiss the charge on speedy trial grounds. We agree with the State and certify that the dismissal was error under Ark. R. Crim. P. 36.10. We deny the State's collateral request that the case be transferred from juvenile court to municipal court.

The facts are these. On December 17, 1989, J.B. was ticketed for driving while intoxicated and for his involvement in a traffic accident. J.B. at the time was seventeen. On March 22, 1990, he moved to transfer the case from the Lake Village Municipal Court to the juvenile division of Chicot County Chancery court. The motion was granted without objection from the state. The case then languished in juvenile court until June 6, 1991, when J.B. moved to dismiss the charge based on a denial of his speedy trial rights under Ark. R. Crim. P. 28.1. The State countered that the period between March 22, 1990, when J.B.'s case was transferred to juvenile court, and June 6, 1991, when the motion to dismiss was made, was excludable under Ark. R. Crim. P. 28.3 due to lack of jurisdiction in juvenile court.

On August 7, 1991, the trial court denied the State's transfer motion and dismissed the charge for failure to provide a speedy

trial with an absolute bar to further prosecution. The State now requests that this court void the dismissal due to lack of jurisdiction in the juvenile court and remand with directions to transfer to municipal court.

■ This case turns on the jurisdictional point, which is whether the juvenile court has jurisdiction to hear DWI cases. The answer to that question is clear. The Juvenile Code defines a delinquent juvenile as "any juvenile ten (10) years or older who has committed an act other than a traffic offense or game and fish violation which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state." Ark. Code Ann. § 9-27-303(11) (Sup. 1989). There is no doubt that DWI is a traffic offense with jurisdiction resting in municipal court rather than juvenile court. *See Robinson* v. *Sutterfield*, 302 Ark. 7, 786 S.W.2d 572 (1990).

■■ Accordingly, the State is correct that the juvenile court was devoid of subject matter jurisdiction over this case. This is so even though the state tacitly assented to the transfer to juvenile court, since subject matter jurisdiction cannot be conferred by consent of the parties. *See Hargis* v. *Hargis*, 292 Ark. 487, 731 S.W.2d 198 (1987); *Venhaus* v. *Hale*, 281 Ark. 390, 663 S.W.2d 930 (1984). The State is further correct that actions taken by a court without jurisdiction are null and void. *See Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987); *Bailey* v. *State*, 284 Ark. 379, 682 S.W.2d 734, *cert. denied*, 474 U.S. 866 (1985).

■ J.B. makes the argument that the State should not be permitted to sit idly by and assent to a transfer of jurisdiction to a court that has no authority to act and then take advantage of that situation by arguing that the absence of jurisdiction renders the period of time in that court excludable for speedy trial purposes. The argument may have some merit. Suffice it to say, however, that we do not reach the speedy trial issue because it is not appropriately before us from a court of competent jurisdiction.

■ We further decline to transfer the case to municipal court, as the state requests. Certain transfers between courts on jurisdictional grounds are authorized by statute. For example, transfers between courts of law and equity are specifically

authorized by statute and by rule when appropriate grounds exist. *See* Ark. Code Ann. § 16-13-401 (1987); Ark. R. Civ. P. 18(b).There is no statutory authority for a transfer from juvenile court to municipal court. Remand of this case to juvenile court with directions to transfer to municipal court would be a futile act, since the juvenile court is without authority to taken any action in this case.

We hold, therefore, that the juvenile court has no authority to act in this case and that the court's order is void due to lack of subject matter jurisdiction. Because the juvenile court has no jurisdiction, and because there is no statutory authority for the transfer requested, we deny the State's request for a remand and transfer.

Error Certified.