Mary Elizabeth CIGAINERO *v.* STATE of Arkansas

CR 95-206                                   906 S.W.2d 282

Supreme Court of Arkansas
Opinion delivered September 18, 1995

*The Law Offices of Damon Young*, by: *Damon Young*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is Mary Elizabeth Cigainero's second appeal. *See Cigainero v. State,* 310 Ark. 504, 838 S.W.2d 361 (1992). In *Cigainero I,* Cigainero challenged her first-degree murder conviction in the shooting death of her husband, Christopher, claiming (1) there was insufficient evidence to support the conviction and (2) the trial court erred in failing to grant her a new trial based on juror bias. This court held the evidence at trial was more than substantial in showing Cigainero had planned and committed her husband's murder. Concerning Cigainero's second argument in *Cigainero I,* she had filed a new trial motion after her conviction, asserting newly discovered evidence showed that two of the twelve jurors had failed to disclose on voir dire that they had previously signed a petition. The petition, containing 2,500 signatures, requested that the Miller County Circuit Court call a grand jury to investigate the prosecuting attorney's failure to "file, charge, and prosecute the Christopher Cigainero homicide and many other major crimes in Miller County." While the trial court agreed that Cigainero's motion was timely and based upon newly discovered evidence, it denied her a new trial. On appeal, this court affirmed the trial court, but did so on the grounds that Cigainero's new trial motion had been untimely filed. *Id.,* 310 Ark. at 507-508, 838 S.W.2d at 363-364.

After the *Cigainero I* decision, Cigainero petitioned for post-conviction relief under Ark. R. Crim. P. 37, and essentially alleged the same juror bias allegations previously alleged in her new trial motion in *Cigainero I.* Citing *Chisum v. State,* 274 Ark. 332, 625 S.W.2d 448 (1981), the state below argued that Cigainero's Rule 37 petition raised no new issues from those previously decided on direct appeal in *Cigainero I,* and therefore, her petition should be dismissed. The trial court apparently agreed with the state's argument, but did not state its reasons when dismissing Cigainero's petition.

The *Chisum* decision established that Rule 37 created a method for determining whether the accused's rights with respect to constitutional or statutory rights had been violated or whether the sentence was otherwise subject to collateral attack. 274 Ark. at 333, 625 S.W.2d at 449. The court explained that there was no reason for this court to create machinery for a direct attack upon judgments in criminal cases, because that remedy had been adequately supplied by statute for a century or more.

It further concluded that Rule 37 provides a remedy when the sentence is vulnerable on constitutional grounds or is otherwise subject to *collateral* attack, *Id.* at Ark. 334, S.W.2d 449, and stated that a motion asking the trial court to grant a new trial for newly discovered evidence is plainly a direct effort to have the judgment vacated, not a collateral attack. *See* Ark. Code Ann. § 16-89-130(c)(6) (1987) (the trial court in which a trial is had upon an issue of fact may grant a new trial when a verdict is rendered against the defendant by which his substantial rights have been prejudiced, upon his motion where the defendant has discovered important evidence in his favor since the verdict). In sum, the court in *Chisum* held that a motion for a new trial based upon newly discovered evidence is not a proper basis for relief under Arkansas's postconviction rule.

In the present case, Cigainero concedes her new trial motion below was based upon newly discovered evidence, claiming she only learned after her trial commenced that two of her jury members had previously signed the petition asking a grand jury be called to investigate the Christopher Cigainero homicide. While she concedes the *Chisum* holding appears to preclude new trial motions based upon newly discovered evidence, Cigainero argues Rule 37 relief is still available since the juror misconduct present in her case violated her constitutional right to a fair and impartial jury. *See* Ark. Const. art. 2, § 10.[1] She also suggests that, in order for her counsel to exercise his valid judgment in the use of peremptory challenges in obtaining an impartial jury, the answers to questions posed to prospective jurors must be truthful and accurate. Because we conclude such alleged juror misconduct is not a proper subject for Rule 37 proceedings, we need not resolve in this appeal whether the two jurors challenged here answered Cigainero's questions on voir dire honestly or knowingly failed to respond. *See Pineview Farms, Inc.* v. *Smith Harvestore, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989).

This court has held that Rule 37 does not provide a means to challenge the constitutionality of a judgment where the issue could have been raised in the trial court. *Bailey* v. *State*, 312

---

[1]This constitutional provision in relevant part provides that, in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which the crime shall have been committed.

Ark. 180, 848 S.W.2d 391 (1993). Like it does for newly discovered evidence, § 16-89-130 also provides a defendant a new trial motion remedy where, from the misconduct of the jury, the court is of the opinion that the defendant has not received a fair and impartial trial. *See* § 16-89-130(c)(7).

Again, like the newly discovered evidence point previously discussed, Cigainero's remedy was to attack directly her verdict by requesting a new trial based upon juror misconduct. Moreover, her motion was required to show the exercise of diligence. *Chisum*, 274 Ark. at 334, 625 S.W.2d at 449. Cigainero failed to do so.

Cigainero points out that the petition, which sought a grand jury investigation of the Christopher Cigainero homicide and other major crimes at sometime prior to her trial, had been filed in a miscellaneous drawer in the circuit clerk's office. Because the petition had been filed away, she claims that she was unaware of the petition, at least, until her cross-examination of a state witness at trial. Nonetheless, we find nothing in the abstract of record that reflects why Cigainero was unable to obtain or review that petition for names and signatures once its existence was known. Once discovered, a timely new trial motion based on juror misconduct could have been filed before or shortly after Cigainero's conviction.

In conclusion, this court has consistently stated that a constitutional violation is not in itself enough to trigger application of Rule 37. *Cotton* v. *State*, 293 Ark. 338, 738 S.W.2d 90 (1987). Nor is Rule 37 intended to provide a review of mere error in the conduct of the trial or to serve as a substitute for appeal. *Id.* Here, because Cigainero fails to present proper grounds for postconviction relief, we affirm the trial court's decision denying Cigainero's Rule 37 motion.