Terrick Terrell NOONER  *v*. STATE of Arkansas

CR 98-577                                              4 S.W.3d 497

Supreme Court of Arkansas
Opinion delivered November 18, 1999

*Jeff Rosenzweig*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.

L AVENSKI R. SMITH, Justice. Terrick Terrell Nooner ("Nooner") appeals the Pulaski Circuit Court's denial of

his Petition for Rule 37 relief. Nooner alleges that fundamental errors and ineffective assistance of counsel in the penalty phase of his trial entitle him to a new trial. Specifically, Nooner contends that allowing testimony under the state's victim-impact statute violated the constitutional prohibition against *ex post facto* laws. He also contends that Arkansas's victim-impact statute is unconstitutional as written. Additionally, Nooner asserts that two decisions of his trial counsel rendered that counsel ineffective in violation of his Sixth Amendment rights. These decisions consisted of trial counsel's election not to seek a mental evaluation prior to trial and counsel's choice not to bring a purportedly mitigating circumstance to the attention of the jury. We find no error and affirm.

## I. Facts

We affirmed Nooner's conviction and sentence in *Nooner v. State*, 322 Ark. 87, 907 S.W. 2d 677 (1995) *("Nooner I")*. *Nooner I* recites the underlying facts, and they will only be briefly summarized here. On March 16, 1993, Scott Stobaugh, a college student, washed clothes at the Funwash Laundromat on West Markham street in Little Rock. An assailant, in an apparent robbery attempt, shot Stobaugh seven times at close range with a .22 caliber pistol, causing his death. A surveillance camera captured a portion of the incident on videotape. The videotape showed the assailant and Stobaugh as Stobaugh raised his hands. Two witnesses identified the person on the Laundromat video as Nooner, by clothing and appearance. Other testimony and ballistics evidence tied Nooner to the murder weapon. A Pulaski County Circuit Court jury convicted Nooner of capital murder and sentenced him to death for the murder of Scott Stobaugh.

## II. Standard of Review

Postconviction proceedings under Rule 37 provide a remedy against unjust imprisonment. The rule enables our courts to correct a manifest injustice. As we have stated, Rule 37 is a narrow remedy designed to prevent wrongful incarceration under a sentence so flawed as to be void. *Williams v. State*, 298 Ark. 317, 766 S.W.2d 931 (1989). *Bohanan v. State*, 336 Ark. 367, 985 S.W.2d 708 (1999). We will not reverse the trial court's decision granting or

denying postconviction relief unless it is clearly erroneous. *State v. Dillard*, 338 Ark. 571, 998 S.W.2d 750 (1999). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Noland v. Noland*, 330 Ark. 660, 956 S.W.2d 173 (1997).

■ Rule 37 is a postconviction remedy, and as such, does not provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. *Hulsey v. State*, 268 Ark. 312, 595 S.W.2d 934 (1980). Even constitutional issues must be raised in the trial court and on direct appeal, rather than in Rule 37 proceedings. *Finley v. State*, 295 Ark. 357, 748 S.W.2d 643 (1988).

### III. Ex Post Facto *and Vagueness*

Nooner attacks the constitutionality of Arkansas's victim-impact evidence statute. Ark. Code Ann. § 5-4-602(4). He challenges the law both as written and as applied. Nooner argues that imposition of the death sentence in his case violated the U.S. Constitution and the Arkansas Constitution because it was enacted after the murder of Scott Stobaugh but before his trial. Nooner alleges that as an *ex post facto* law, the statute could not be used to allow victim-impact testimony in his trial. Nooner also contends the victim-impact evidence statute is void for vagueness. In response, the State argues that neither of Nooner's constitutional claims were raised below and that both were resolved by this court in *Nooner I.* We agree.

■ Nooner, in fact, concedes that the victim-impact issue was not litigated in the Rule 37 pleadings or hearings below. We have routinely held that we will not hear arguments raised for the first time on appeal. Moreover, *Nooner I* expressly rejected appellant's constitutional challenges to Ark. Code Ann. § 5-4-602(4). *Nooner I*, 322 Ark. at 109. If an issue has already been decided on appeal it cannot be reargued under Rule 37. *Blakely v. State*, 283 Ark. 138, 671 S.W. 2d 183 (1984); *Neal v. State*, 270 Ark. 442, 605 S.W.2d 421 (1980). *See also, Trimble v. State*, 336 Ark. 437, 986 S.W. 2d 392 (1999). This court, in *Neal, supra,* stated:

> Neal and his attorneys also seem to have a total misconception of the purpose and role of Rule 37. It is not meant to function as a

substitute for appeal, as a method of review of mere error in the conduct of the trial, or as a second opportunity to petition for a rehearing. *Hulsey v. State*, 268 Ark. 312, 595 S.W.2d 934; *Austin v. State*, 264 Ark. 318, 571 S.W.2d 584; *Clark v. State*, 255 Ark. 13, 498 S.W.2d 657. It is not intended to permit the petitioner to again present questions which were passed upon on direct appeal. *Hulsey v. State, supra.* Nor does it permit a petitioner to raise questions which might have been raised at the trial or on the record on direct appeal, unless they are so fundamental as to render the judgment void and open to collateral attack. *Hulsey v. State, supra.*

*Neal*, 270 Ark. at 447. Hence, it is improper to consider this issue under Rule 37.

## IV. Ineffective Assistance of Counsel

Nooner's remaining issues are based upon alleged ineffective assistance of counsel. Where effective assistance of counsel is at issue, the considerations are well established. As we stated in *Dillard, supra*,

The criteria for assessing the effectiveness of counsel were enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Strickland provides that when a convicted defendant complains of ineffective assistance of counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his defense. *See Clemmons*, 334 Ark. 440, 976 S.W.2d 923; *Thomas v. State*, 330 Ark. 442, 954 S.W.2d 255 (1997). Unless the petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* In other words, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt in that the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* We will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Herred*, 332 Ark. 241, 964 S.W.2d 391; *Slocum*, 332 Ark. 207, 964 S.W.2d 388.

Applying these standards to the instant case, we hold the trial court did not err in denying Nooner's claim for relief.

## A. Psychiatric evidence

Nooner alleges ineffective assistance of counsel because defense counsel did not request a mental evaluation as allowed under Ark. Code Ann. § 5-2-309. Nooner contends the results could have produced evidence that may have gone toward establishing some mitigating circumstance in sentencing. He argues that his counsel's failure to request an evaluation prevented the judge and jury from having critical evidence showing a limited capacity. Competency to stand trial has not been raised as an issue. Nooner's counsel did not request a mental evaluation. At the hearing below, Nooner's trial counsel testified that they saw no reason for an evaluation at the time of trial. They reported that Nooner involved himself intimately in his defense. He did legal research, participated in strategy discussions, and was articulate and able to convey his concerns and wishes. They also reported that Nooner behaved significantly differently in the Rule 37 hearing than he did during his trial. Nooner offered testimony from his mother that he had behavioral and emotional problems which they had shared with his trial counsel. However, she acknowledged that although he had been treated at Rivendale, he had not been treated at a psychiatric facility nor prescribed anti-psychotic medication.

Our review of the record indicates that the trial court thoroughly evaluated Nooner's claim and reasonably believed the testimony of trial counsel that they carefully considered whether to request an evaluation but discerned no good-faith basis for doing so. Nooner's trial counsel also presented evidence that they had adduced evidence of Nooner's troubled past and treatment through his stepfather during the penalty phase of his trial. We hold Nooner has not established that trial counsel's decision not to request a psychiatric evaluation constituted ineffective assistance.

## B. Prior Charge

Finally, Nooner also alleges ineffective assistance of counsel for counsel's decision not to elicit testimony in the penalty phase that Nooner had a prior charge of aggravated robbery which

was reduced to robbery because he had prevented his co-defendant from raping the robbery victim. The prosecution introduced the prior robbery as one of the aggravators in the penalty phase. At the Rule 37 hearing, both defense counsel testified that they did not recall the reduction in charge being due to saving the victim from rape. They did recall a prior conviction as an aggravator. Nooner alleges he told his counsel of the reduction in charge based on his protection of a victim he and his co-defendant were robbing. Even assuming counsel were told, Nooner cannot prevail on the issue. To prevail, he must demonstrate that there is a reasonable probability that, but for counsels' errors, the decision reached would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Dillard, supra.* As a mitigating circumstance, Nooner's alleged rescue is dubious at best. We hold that there is no reasonable probability that the outcome would have been different had trial counsel sought to introduce the evidence.

Affirmed.