Lonnie BEULAH *v.* STATE of Arkansas

CR 02-704                                          101 S.W.3d 802

Supreme Court of Arkansas
Opinion delivered April 3, 2003

*Jeff Rosenzweig,* for appellant.

*Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellee.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Leon Holmes*, for *amicus curiae* Arkansas Right to Life.

P ER CURIAM. Appellant was charged with capital murder in the death of Heaven Pace, a fetus in its ninth month of gestation, and battery of the mother, Shiwona Pace. Appellant was charged under Act 1273 of 1999, the Arkansas Fetal Protection Act, which redefines "person" for purposes of the state's homicide statutes to include a fetus beyond twelve weeks of development. *See* Ark. Code Ann. § 5-1-102(13)(B)(i)(b) (Supp. 1999). Ark. Code Ann. § 5-1-102(13) provides in pertinent part:

> (B)(i)(a) For the purposes of §§ 5-10-101—5-10-105, "person" also includes an unborn child in utero at any stage of development;
>
> (b) "Unborn child" means a living fetus of twelve (12) weeks or greater gestation.

Appellant challenged the statute as unconstitutional; however, the trial court denied the claim. Appellant then sought a writ of prohibition, which was denied. *See Beulah v. State*, CA CR 00-506 (Ark. App. July 7, 2000).

Appellant subsequently pleaded guilty to murder in the first degree and battery and was sentenced to forty years' imprisonment. According to appellant, he entered into the plea agreement with the condition that he could pursue his constitutional challenge under Ark. R. Crim. P. 37. Appellant filed a timely petition for postconviction relief, alleging (1) that a fetus or unborn child is not a person and that the state is not free to define its homicide statutes, particularly its capital homicide statutes, to include a fetus and (2) that the definition of "unborn child" as contained in the statute is contradictory, and thus void for vagueness. According to appellant, his claims are cognizable because Rule 37.1 provides relief when a sentence is imposed "in violation of the Constitution and laws of the United States or this state" or "is otherwise subject to collateral attack." The Attorney General was served and declined to intervene.[1]

---

[1] The Attorney General's waiver of his statutory right of response under Ark. Code Ann. § 16-111-106(b) (1987) does not affect the controlling principles cited in this opinion. It is simply a waiver of a right to appear in circuit court to defend a statute. *See generally Carney v. State*, 305 Ark. 431, 434-35, 808 S.W.2d 755, 756-57 (1991). It is not acquiescence to jurisdiction or to the cognizability of a claim.

The trial court found that when appellant entered his plea of guilty, a Rule 37 petition was contemplated and that it was agreed that the filing of the petition "would not abrogate the plea agreement." However, in denying the petition, the court found that the state is free to define the killing of a fetus as a homicide and that the definition of "unborn child" is not void for vagueness. From that order comes this appeal.

■ It is well settled that a defendant ordinarily does not have a right to appeal a guilty plea except as provided in Ark. R. Crim. P. 24.3(b). *Payne v. State*, 327 Ark 25, 28, 937 S.W.2d 160, 161 (1997). Rule 24.3(b) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

This court has interpreted the language of Rule 24.3(b) to permit the review of a conditional guilty plea solely with respect to the denial of a motion to suppress illegally obtained evidence. *Payne, supra.* Strict compliance with Rule 24.3(b) is required to convey appellate jurisdiction. *Id.*

■ ■ Moreover, when a guilty plea is challenged under Rule 37, the sole issue is whether the plea was intelligently and voluntarily entered with the advice of competent counsel. *Mills v. State*, 338 Ark. 603, 606, 999 S.W.2d 674, 675 (1999). Rule 37 does not provide an avenue to raise matters that could have been raised on direct appeal, including constitutional claims. *E.g., Nooner v. State*, 339 Ark 253, 256, 4 S.W.3d 497, 498-99 (1999). A constitutional claim is not in itself sufficient to trigger application of Rule 37. *Cigainero v. State*, 321 Ark. 533, 536, 906 S.W.2d 282, 284 (1995).

■ As stated, appellant claims he entered into the plea agreement with the condition that he could pursue his constitutional challenge under Rule 37. However, an agreement between parties does not convert an otherwise incognizable claim into a cognizable one, just as subject-matter jurisdiction cannot be conferred by consent of the parties. *See State v. J.B.*, 309 Ark. 70, 72, 827 S.W.2d 144, 145 (1992). "The proper administration of the

law cannot be left merely to the stipulation of the parties." *Burrell v. State*, 65 Ark. App. 272, 276, 986 S.W.2d 141, 143 (1999).

Because appellant's claims are not cognizable under Rule 37, postconviction relief is not warranted.

Affirmed.

BROWN, J., dissents.

CORBIN, J., not participating.

ROBERT L. BROWN, Justice, dissenting. I disagree with the majority's analysis in this case. Appellant Lonnie Beulah did indeed plead guilty but apparently this was done with the understanding that he would be allowed to pursue his constitutional challenge by way of a Rule 37 petition. As the circuit court said in its order denying Rule 37 relief on the merits:

> The Court acknowledges that it was agreed when Beulah entered a plea of guilty that his [Rule 37] petition was contemplated, and that it was agreed that the filing of the petition herein would not abrogate the plea agreement.

The circuit court then considered the petition on the merits and denied it. Now this court refuses to entertain an appeal from that denial for the reason that Rule 37 does not provide an avenue to raise matters that could have been raised on direct appeal.

Of course, ordinarily, there is no direct appeal from a guilty plea except for certain limited exceptions. *See* Ark. R. App. P.—Crim. 1; Ark. R. Crim. P. 24.3(b). And it is blackletter law, as the majority points out, that Rule 37 petitions cannot serve as a substitute for direct appeals. Here, however, it appears that Beulah's plea was induced by an understanding that he could avail himself of a constitutional challenge by means of a Rule 37 petition. It seems the judge and prosecutor were both aware that this was a condition of his plea.

Under the circumstances, I question whether we should cast a blind eye on what actually transpired in this case. It appears that Beulah was misled by the State in entering his plea and therefore, it was not freely and voluntarily made. Under these circumstances, I would consider the appeal on the merits.

For these reasons, I respectfully dissent.