Roy Chester HENDERSON *v.* STATE of Arkansas

CR 85-84                                       699 S.W.2d 397

Supreme Court of Arkansas
Opinion delivered November 18, 1985

*Daniel R. Carter*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant was charged with five separate counts of aggravated robbery. A jury convicted him of one of the charges on May 4, 1982. Thereafter, appellant confessed to all five robberies and entered into a plea agreement with the state whereby he was sentenced to a total of 40 years imprisonment for all counts. An appeal was not prosecuted. On May 16, 1983, appellant filed a motion for belated appeal which was denied by this court without prejudice to allow the appellant to apply to the trial court for an evidentiary hearing on whether he was informed of his right to appeal and whether he waived that right. *Henderson v. State*, 278 Ark. 107, 643 S.W.2d 107 (1982). The trial court found he was so informed and that he waived his right to appeal and denied appellant's motion. We affirmed that decision on February 6, 1984. *Henderson v. State*, 281 Ark. 306, 663 S.W.2d 734 (1984). Subsequently, the appellant filed a motion to obtain a transcript at public expense so he could pursue postconviction relief pursuant to Ark. R. Cr. P. 37. That motion was denied by the trial court on April 15, 1985. It is from the

denial of the motion for a transcript that this appeal is brought. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(e).

The motion is without merit. In his request for a copy of the trial transcript, the appellant stated he wanted to search the record for:

harmful, and prejudicial error of the Court, competence of trial counsel and the following:

(1) The petitioner reviews the sufficiency of the evidence,

(2) The petitioner will review the accuracy of the witness testimony,

(3) The petitioner will review the Bill of Information, as to its compliance with Amend. 21,

(4) The petitioner will review the police reports taken on the date crime occurred.

The appellant has not established a compelling need for a copy of the record. At no point does appellant explain why the transcript is necessary for him to present his grounds for postconviction relief to this court. The mere fact of indigency does not entitle a petitioner to a free transcript for the purpose of searching the record in an attempt to find support for allegations in a petition under Rule 37. *Washington* v. *State*, 270 Ark. 840, 606 S.W.2d 365 (1980), citing *Chavez* v. *Sigler*, 438 F.2d 890 (8th Cir. 1971). Furthermore, the motion is not attached to nor incorporated into a petition for postconviction relief. *See United States* v. *Losing*, 601 F.2d 351 (8th Cir. 1979).

As to appellant's specific allegations of error, they all could have been raised at trial and in the record on a direct appeal and, as such, are not grounds for postconviction relief pursuant to Rule 37. Accordingly, the decision of the trial court denying appellant's motion for a transcript is affirmed.

Affirmed.

PURTLE, J., not participating.