STATE of Arkansas *v.* Christina Marie RIGGS

CR 98-1281                                        12 S.W.3d 634

Supreme Court of Arkansas
Opinion delivered March 16, 2000

*Mark Pryor*, Att'y Gen., by: *O. Milton Fine, II*, Ass't Att'y Gen., for appellant.

*John Wesley Hall, Jr.*, for appellee.

PER CURIAM. On June 30, 1998, Christina Riggs was convicted in Pulaski County Circuit Court of capital murder and was sentenced to death by lethal injection. On November 4, 1999, this court affirmed her conviction. *Riggs v. State*, 339 Ark. 111, 3 S.W.3d 305 (1999).

On December 20, 1999, a hearing was held in Pulaski County Circuit Court pursuant to Ark. R. Crim. P. 37.5. At that hearing, Riggs was represented by her counsel, John Wesley Hall. The circuit court declared Riggs to be indigent and advised her of her right to have counsel appointed for her. Riggs informed the circuit court that she wished to waive appointment of counsel. The circuit court then ordered that a competency examination of Riggs be performed to determine her ability to waive counsel. A second hearing on Riggs's competency was scheduled for January 14, 2000.

Riggs was evaluated by O. Wendell Hall, III, M.D., Forensic Medical Examiner, and by John K. Anderson, Ph.D., Forensic Staff

Psychologist, of the Arkansas State Hospital. On January 7, 2000, they issued their report to the circuit court in which they concluded that Riggs was competent to waive her Rule 37.5 remedies.

On January 14, 2000, a hearing was held before the circuit court on Riggs's competency to effect a waiver of her Rule 37.5 remedies. At that hearing, Dr. Hall and Riggs testified. Dr. Hall testified that Riggs had the capacity to knowingly and intelligently waive her postconviction remedies, and Riggs stated that that was her desire. Riggs testified specifically that she had read Rule 37.5 and did not want an attorney appointed to pursue her rights under that rule.

On January 21, 2000, the circuit court entered its order based on Dr. Hall's examination of Riggs and his conclusion. The court found:

> 1. The defendant has been fully advised of her rights to seek post-conviction relief with the assistance of court-appointed counsel, at no cost to her.

> 2. The defendant has knowingly, intelligently, and voluntarily waived her right to appointed counsel in open court.

> 3. The defendant has rejected the appointment of counsel, and fully and completely understands the legal consequences of her decision.

The circuit court concluded that it would not appoint counsel to represent Riggs for the purpose of pursuing her Rule 37.5 remedies.

■ The State now petitions this court for a writ of certiorari for the purpose of accepting the record filed herein and for the further purpose of affirming the trial court's findings. We grant the petition for writ of certiorari and hold that the trial court's findings are supported by the transcript of the hearing held on January 14, 2000, and the record in this matter. We affirm the circuit court's findings, as set out above.

■ Riggs further moves this court to issue its mandate forthwith and to expedite this motion. According to her motion, Riggs desires her execution "to move along and not be unnecessarily

delayed," and she further desires that intervenors not interfere "with her personal decision in this case." Her motion is denied.