STATE of Arkansas *v.* Karl ROBERTS

CR 03-780                                   123 S.W.3d 881

Supreme Court of Arkansas
Opinion delivered October 9, 2003

*Mike Beebe,* Att'y Gen., by: *Jeffrey Weber,* Ass't Att'y Gen., for appellant.

No response.

PER CURIAM. On May 19, 2000, Karl Douglas Roberts was convicted in Polk County Circuit Court of capital murder and was sentenced to death by lethal injection. On June 13, 2000, Roberts filed a waiver of appeal requesting that his death sentence be carried out without his attorneys taking any further action to challenge his conviction or sentence. On July 19, 2000, a hearing was held in which Roberts reiterated his desire to forego any challenge to his conviction or death sentence.

On February 7, 2002, this court issued a per curiam opinion in which we appointed attorney Tim Buckley to abstract the brief and set out any points of error. *See Roberts v. State*, CR02-22, slip. op. (Feb. 7, 2002). Appointed counsel raised four points of error, including whether the trial court erred in its finding that Roberts knowingly and intelligently waived his right to appeal. On April 29, 2003, this court affirmed his conviction. *Roberts v. State*, 102 S.W.3d 482 (2003). In affirming, we upheld the trial court's finding that Roberts was competent to waive his appeal. *Id.*

On May 20, 2003, a hearing was held in Polk County Circuit Court pursuant to Ark. R. Crim. P. 37.5. At that hearing, Roberts appeared *pro se*. The judge indicated that he had previously reviewed the transcript of testimony by the following witnesses: Charles Mallory, Ph.D., a staff psychologist with the Arkansas State Hospital; Reginald John Rutherford, M.D., a neurologist; Lee Archer, M.D., a staff member of the University of Arkansas for Medical Sciences; Mary M.C. Wetherby, Ph.D., a psychologist; and Danny Davis, former employer of Roberts. The judge also reviewed the transcript of other trial testimony pertinent to Roberts's competency and the transcript of the July 19, 2000 posttrial hearing.

The circuit court advised Roberts of the availability of Rule 37.5 postconviction relief, and the time frame in which a petition for Rule 37.5 relief must be filed. Roberts was also advised of his right to have an attorney appointed to represent him pursuant to Rule 37.5 because of his indigent status, and his right to appeal the denial of any postconviction relief, as well as his right to pursue federal habeas corpus relief. Furthermore, Roberts was advised that his waiver and willful failure to pursue postconviction relief pursuant to Rule 37.5 could impair his ability to seek federal habeas corpus relief and would result in his death sentence being carried out.

After being advised of all these rights, Roberts stated he was still indigent; he testified he did not wish to have an attorney to represent him; and he affirmed that he understood he was under sentence of death and was effectively waiving rights to seek further relief. Roberts further testified that nothing had changed regarding his ability to intelligently and knowingly waive his rights and that he was not under the influence of medication or any other substance in making this waiver.

When asked by the trial court what he wanted to occur at that point, Roberts responded, "Well, I don't think a guilty person should be allowed to live or he should at least be able to accept responsibility, his punishment whatever it may be." To the court's question of whether he understood he was choosing death over life, Roberts answered, "Yes, sir." The court then went back over all his questions and asked them again of Roberts to ensure his answers were the same.

In an order entered on May 22, 2003, the court made the following findings:

> (a) the Defendant has the capacity and is clearly competent to understand the choice between life and death; and,
>
> (b) the Defendant has the capacity and is clearly competent to knowingly and intelligently waive any and all rights to pursue postconviction relief pursuant to Rule 37.5 of the Arkansas Rules of Criminal Procedure or habeas corpus relief in federal court; and,
>
> (c) the Defendant has the capacity and is clearly competent to knowingly and intelligently reject his right to counsel appointed at no charge to him to pursue on his behalf postconviction relief pursuant to Rule 37.5 of the Arkansas Rules of Criminal Procedure; and,
>
> (d) the Defendant has unequivocally expressed his desire to freely, voluntarily, knowingly, and intelligently reject his right for the appointment of an attorney at no cost to him and waive his right to pursue postconviction relief pursuant to Rule 37.5 of the Arkansas Rules of Criminal Procedure; and,
>
> (e) the Defendant has completely demonstrated he fully understands the legal consequences of (i) his waiver of his right to have an attorney appointed to him, (ii) the waiver of his right to pursue

postconviction relief pursuant to Rule 37.5 of the Arkansas Rules of Criminal Procedure, and the waiver to pursue habeas corpus relief in federal court; and,

(f) the Defendant has unequivocally expressed his desire for his death sentence to be carried out by the State of Arkansas and to die by lethal injection.

The circuit court also noted that the written findings and order were filed in compliance with Rule 37.5(b) and, as required by Rule 37.5(g), the court ordered a stay of execution of the sentence of death against Roberts that would remain in effect until dissolved by a court with competent jurisdiction or by operation of law.

The State now submits to this court a transcript of the lower court's proceedings along with its motion to review the record for the purpose of affirming the trial court's findings. We grant the motion and hold that the trial court's findings are supported by the transcript of the hearing held on May 20, 2003, and the record in this matter. We affirm the trial court's findings, as set out above.

Motion granted.

THORNTON, J., not participating.