STATE of Arkansas *v.* Ricky Dale NEWMAN

CR 03-1257                                        132 S.W.3d 759

Supreme Court of Arkansas
Opinion delivered December 4, 2003

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for petitioner.

No response.

P ER CURIAM. Ricky Dale Newman was convicted in the Crawford County Circuit Court of capital murder and sentenced to death. This court conducted an automatic review of the conviction and sentence, pursuant to Ark. R. App. P.—Crim. 10, and found no reversible error. *See Newman v. State*, 353 Ark. 258, 106 S.W.3d 438 (2003). Following issuance of the mandate, a hearing was held in the trial court, pursuant to Ark. R. Crim. P. 37.5(b), for the purpose of considering the appointment of an attorney to represent Newman in postconviction proceedings.

During this hearing, the trial judge advised Newman of his postconviction rights and his right to have an attorney to advise him on such rights. Newman stated that he wished to waive his right to an attorney and also his rights to pursue postconviction and habeas proceedings. When asked by the trial judge if he was under the influence of any drugs or alcohol, Newman replied: "I am under the influence of medication, yes." He then listed two medications that he was presently on, one of which is Thorazine. He later told the judge that the medication was for his mental health. The trial judge inquired as to whether Newman felt like the medication impaired his judgment, and Newman stated that it did not. The trial court entered an order finding that Newman had knowingly, intelligently, and voluntarily waived his rights.

The State has filed a petition asking this court to review the Rule 37.5 record and affirm the trial court's order. *See State v. Roberts*, 354 Ark. 399, 123 S.W.3d 881 (2003) (*per curiam*); *State v. Riggs*, 340 Ark. 652, 12 S.W.3d 634 (2000) (*per curiam*). Given Newman's statement that he was under the influence of

medication at the time of the waiver hearing, we must deny the State's petition at this time and remand this matter to the trial court for the purpose of obtaining a mental-health evaluation of Newman.

We are aware, as was the trial judge, that Newman was previously evaluated by the Arkansas State Hospital prior to his trial, and that a competency hearing was held in June 2002, during which Dr. Charles Mallory opined that Newman was competent to stand trial. Because that evaluation is so remote in time from the waiver hearing, which occurred over one year later, we believe that a second evaluation is warranted. Accordingly, we instruct the trial court to order the State Hospital to conduct an evaluation of Newman for the purpose of determining whether he is currently competent to proceed with the hearing mandated by Rule 37.5. Once the evaluation is filed of record, the trial court shall hold a new hearing and enter a new order.

It is so ordered.

GLAZE, J., dissents. I would grant State's petition. Mr. Newman had a mental-health evaluation in June 2002 as to his competency to waive Rule 37 remedies. That evaluation was not remote, contrary to this court's remarks in its per curiam.

ARNOLD, C.J., joins and would grant.