STATE of Arkansas *v.* Ricky Dale NEWMAN

CR 03-1257                                    193 S.W.3d 737

Supreme Court of Arkansas
Opinion delivered September 28, 2004

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellant.

*Bruce D. Eddy and Julie Brain*, Asst. Federal Public Defenders.

PER CURIAM. Appellant Rickey Dale Newman was convicted in the Crawford County Circuit Court of capital murder and sentenced to death. Following his conviction, this court conducted an automatic review of his conviction and sentence, pursuant to Ark. R. App. P.—Crim. 10, finding no reversible error. *See Newman v. State*, 353 Ark. 258, 106 S.W.3d 438 (2003).

The trial court subsequently held a hearing, pursuant to Ark. R. Crim. P. 37.5(b), to consider the appointment of counsel to represent Newman in postconviction proceedings. Newman testified at that hearing that he did not want counsel to be appointed to represent him, as he wished to waive his right to pursue any postconviction relief. The trial court entered an order finding that Newman was competent to waive his rights under Rule 37.5.

After the State filed a petition seeking to lodge the record from the waiver proceedings, this court remanded the matter to the trial court for the purpose of ordering the Arkansas State Hospital to conduct an evaluation of Newman to determine whether he was competent to proceed with the Rule 37.5 hearing and to waive his rights under that rule. The remand was based, in part, on evidence that Newman was under the influence of the psychotropic drug, Thorazine, at the time of the hearing. Dr. Charles Mallory conducted the evaluation and determined that Newman did not suffer from any mental disease or defect and that he had the capacity to make a knowing, intelligent, and voluntary waiver to decline the appointment of counsel. Mallory also found that Newman was no longer taking any psychotropic medication.

After receiving Dr. Mallory's report, the trial court held a second waiver hearing. Newman again testified, stating that he agreed with Dr. Mallory's conclusion that he was competent to waive his rights to postconviction relief. The trial court again found that Newman was competent and had knowingly and voluntarily waived his rights under Rule 37. The State submitted to this court the transcript of the second hearing, as well as Dr. Mallory's report. This court then granted the State's petition and affirmed the trial court's finding that Newman knowingly, voluntarily, and intelligently waived his rights to postconviction relief. *See State v. Newman*, 357 Ark. 39, 159 S.W.3d 309 (2004) (*per curiam*).

Now pending before this court is a motion to recall our mandate and stay Newman's execution. Therein, counsel appointed by the federal district court to represent Newman allege that Newman's prior waiver of postconviction proceedings was not knowingly, intelligently, or voluntarily made. This assertion is based on their claim that Newman is both mentally ill and mentally retarded. Moreover, they argue that the State may not execute Newman, because to do so would be in violation of the prohibition set forth in *Atkins v. Virginia*, 536 U.S. 304 (2002).

■ The question of whether Newman is mentally retarded and, thus, may not be executed by the State is being raised for the first time; accordingly, we have ordered a temporary stay of execution so that we can order briefing on certain issues. It is clear to this court that Newman has attempted to discharge his appointed counsel, but the issue of whether Betty Moore may proceed as next friend on behalf of Newman has also been raised. We, therefore, order the parties to brief the following issues:

1. Does Ms. Moore have standing to intervene as next friend for Newman, particularly in light of this court's previous order affirming the trial court's determination that Newman is competent?

2. Assuming, *arguendo*, that Ms. Moore does have standing to proceed, does this court have jurisdiction to consider the newly raised allegation that Newman is mentally retarded?

3. What relief, if any, is available under state law if there is a finding that Newman is mentally retarded?

4. Does *Atkins*, 536 U.S. 304, absolutely prohibit a mentally retarded person, as opposed to an incompetent person, from waiving his postconviction rights?

The clerk of this court shall establish the briefing schedule. Because Ms. Moore is the moving party, she shall proceed first in the preparing and filing of her brief. The temporary stay of execution shall continue until the court renders its opinion in this matter.