2011 Ark. 502

**Karl D. ROBERTS, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–1068.**

Supreme Court of Arkansas.

Dec. 1, 2011.

Jenniffer M. Horan, Joshua R. Lee and Deborah Anne Czuba, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Laura Shue, Office of Atty. Gen., Little Rock, for appellee.

ROBERT L. BROWN, Justice.

Appellant Karl Douglas Roberts appeals the Polk County Circuit Court's denial without a hearing of his petition for Rule 37.5 relief. On appeal, Roberts asserts that he presented factual claims that merited a hearing, or, in the alternative, that he presented claims upon which this court should grant postconviction relief. The State raises the issue of a bar to any postconviction relief, because neither the circuit court nor this court has subject-matter jurisdiction to adjudge Roberts's petition. We agree with the State, and we dismiss Roberts's appeal for lack of subject-matter jurisdiction.

The history of this case is lengthy and convoluted. Roberts was convicted of the capital murder of twelve-year-old Andria Brewer following a trial on May 16 through 19, 2000, and was sentenced to death by lethal injection. On June 1, 2000, Roberts signed a waiver of his right to pursue an appeal and postconviction remedies. Despite the waiver, this court appointed counsel and conducted a mandatory *Robbins* review of Roberts's conviction and sentence. We affirmed the conviction and sentence. See *Roberts v. State*, 352 Ark. 489, 102 S.W.3d 482 (2003) (*Roberts I*).[1] In *Roberts I*, this court also affirmed Roberts's waiver of his right to a direct appeal. The mandate issued on April 29, 2003.

On May 20, 2003, the circuit court held a hearing under Arkansas Rule of Criminal Procedure 37.5 on whether Roberts would pursue his right to postconviction relief. Roberts appeared pro se at that hearing. Following the hearing, the circuit court found that Roberts had knowingly and intelligently waived all rights to postconviction relief. A written order to that effect was entered on May 22, 2003. The State next filed a motion for this court to review the record of Roberts's waiver hearing. This court granted that motion and affirmed the circuit court's findings regarding Roberts's waiver of postconviction relief on October 9, 2003. *State v. Roberts*, 354 Ark. 399, 123 S.W.3d 881 (2003) (per curiam) (*Roberts II*). No mandate was issued after this court's order of affirmance, and no further proceedings were held in this court. An execution date was set for Roberts.

On January 6, 2004, Roberts moved for a stay of his execution in the United States District Court for the Eastern District of Arkansas. After granting a temporary stay, the federal district court stayed the execution indefinitely on July 23, 2004. *Roberts v. Norris*, 526 F.Supp.2d 926, 943 (2007). On July 16, 2004, prior to the indefinite stay, Roberts filed a petition for writ of habeas corpus with the federal district court. Upon reviewing the petition, the federal district court concluded that Roberts had not exhausted all of his

1. As this court noted in *Roberts I*:

On July 9, 2001, this court adopted an amendment to Ark. R.App. P.-Crim. 10 that effectively codified the mandatory review in death cases provided in *State v. Robbins*, 339 Ark. 379, 5 S.W.3d 51 (1999). That amendment became effective for all cases in which the death penalty is imposed on or after August 1, 2001. Roberts's death sentence was imposed on May 23, 2000, which was prior to the effective date of the amendment.

*Roberts I*, 352 Ark. at 494 n. 1, 102 S.W.3d at 499 n. 1. Because of this, Roberts's conviction and sentence were reviewed under the mandatory procedure set out in *Robbins*.

state remedies and ordered Roberts to seek relief in the state courts under Rule 37.5 by February 1, 2008, if he wished to pursue his federal case. *Id.* at 949.

On February 1, 2008, Roberts filed a 252–page Petition for Postconviction Relief in Polk County Circuit Court. On that same date, he filed a "Memorandum of Law Regarding the Timeliness of His Petition for Postconviction Relief." The petition was amended on February 27, 2008. On April 14, 2008, the circuit court held a hearing to determine whether to permit the filing of an over-length petition; the circuit court continued that hearing until Roberts submitted a concise statement of no more than ten pages outlining his claims. On July 24, 2008, the circuit court granted the motion to file an over-length petition. On December 9, 2008, a hearing was held to determine whether an evidentiary hearing under Rule 37.5 should be granted on the petition.

On June 30, 2010, the circuit court entered an order denying Roberts's claims for postconviction relief. No prior evidentiary hearing had been held on the petition. In the order, the circuit court found that the petition was an "out of time petition" and that "the petition (which makes no effort to establish even a prima facie showing by affidavits or other proof) contains nothing more than bare allegations." In addition, the circuit court found that the "files and records in this case conclusively show that [Roberts] is entitled to no relief and that no evidentiary hearing is necessary." Roberts now appeals from this order.

Before this court can reach the merits of Roberts's claims, we must determine whether subject-matter jurisdiction was properly vested in the circuit court to hear the Rule 37.5 petition. If it was not, this court, concomitantly, would also lack jurisdiction to hear the matter. *See, e.g., Beu-*

*lah v. State,* 352 Ark. 472, 474, 101 S.W.3d 802, 804 (2003) (recognizing that subject-matter jurisdiction cannot be conferred by consent of the parties and that the proper administration of the law cannot be left to the stipulation of the parties). The State presents two challenges to the circuit court's jurisdiction. First, the State claims that the circuit court lacked jurisdiction, because Roberts has not moved to recall the mandate issued in *Roberts I,* where this court affirmed Roberts's conviction and sentence. The State also appears to maintain that a recall petition was necessary following *Roberts II,* where this court affirmed Roberts's waiver of postconviction relief. We note again, however, that no mandate was issued after *Roberts II.* Second, the State challenges the circuit court's subject-matter jurisdiction on the basis that Roberts's Rule 37.5 petition was untimely filed.

## I. *Jurisdiction after Roberts II*

The State urges this court to consider Roberts's waiver of postconviction relief, and this court's affirmance of that waiver in *Roberts II,* as analogous to his filing a first Rule 37 petition. Under the State's rationale, the 2008 petition would then be a second petition for postconviction relief, which our rules and case law do not countenance. Hence, the State contends that Roberts's present situation is similar, albeit not identical, to the facts in *Kemp v. State,* 2009 Ark. 631, 2009 WL 4876473, where the issue was whether successive petitions for Rule 37 relief could be filed without the recall of a mandate.

Under *Kemp,* a petitioner must ask this court to recall its mandate issued after the first Rule 37 appeal denying postconviction relief before a second Rule 37 petition can be brought in circuit court. *Kemp,* 2009 Ark. 631, at 4, 2009 WL 4876473. Because the petitioner in *Kemp*

had filed a second Rule 37 petition in circuit court without successfully moving this court to recall its mandate issued in the first postconviction case, we held that the circuit court was without jurisdiction to hear the second petition. As the circuit court was without jurisdiction to hear the second Rule 37 petition, this court was also without jurisdiction to hear an appeal from that second proceeding. *Id.* at 6. This court, accordingly, dismissed the appeal without prejudice. *Id.* at 7.

To support the holding in *Kemp,* this court relied on Arkansas Rule of Criminal Procedure 37.2(b), which states:

> All grounds for relief available to a petitioner under this rule must be raised in his or her original petition unless the petition was denied without prejudice. Any ground not so raised or *any ground finally adjudicated or intelligently and understandingly waived* in the proceedings which resulted in the conviction or sentence, *or in any other proceedings that the petitioner may have taken to secure relief from his or her conviction or sentence, may not be the basis for a subsequent petition.* All grounds for post-conviction relief from a sentence imposed by a circuit court, including claims that a sentence is illegal or was illegally imposed, must be raised in a petition under this rule.

Ark. R.Crim. P. 37.2(b) (emphasis added). Rule 37.2(b) makes it clear that all grounds for postconviction relief must be raised in the first petition.

The State is correct. We have an analogous situation to *Kemp* in the instant case. Rule 37.2(b) says that any ground not raised in the first petition, or any ground that is intelligently and understandingly waived in *any* proceeding, taken by the petitioner to secure relief from the conviction or sentence, cannot be grounds for a later petition. Rule 37.2(b) contemplates

not only the direct-appeal proceeding but also any postconviction proceedings. This is the legal basis of the State's claim that Roberts's initial waiver of postconviction relief is equivalent to filing a first petition for postconviction relief.

In contrast, Roberts adduces a series of cases that he asserts stand for the proposition that a prior effort to waive postconviction relief does not deprive a circuit court of jurisdiction to entertain a subsequent postconviction petition. His primary authority for this proposition are the *Greene* cases. In *State v. Greene,* this court affirmed the circuit court's finding that Greene, who was sentenced to death, knowingly and intelligently waived his rights to appellate and postconviction relief. *See Greene,* 338 Ark. 806, 808, 1 S.W.3d 442, 443 (1999) (per curiam) (*Greene I* ). This waiver was made before Greene's direct appeal was docketed and decided.

In the second *Greene* appeal, this court addressed several issues in a direct appeal of Greene's conviction and sentence. *See Greene v. State,* 343 Ark. 526, 37 S.W.3d 579 (2001) (*Greene II* ). After reviewing these points, this court affirmed Greene's conviction and sentence. *Id.* at 542, 37 S.W.3d at 590. In a supplemental opinion, we said:

> Appellant Greene points out, in addition, that he rescinded his waiver of appeal in a communication with his trial attorney on December 2, 1999, and that, subsequently, he asked that the Arkansas Public Defender Commission be substituted as his counsel on appeal.

*Greene II,* 343 Ark. at 542, 37 S.W.3d at 590.

In the final case in the *Greene* trifecta, this court addressed Greene's petition for postconviction relief. *See Greene v. State,* 356 Ark. 59, 146 S.W.3d 871 (2004) (*Greene*

*III* ). In *Greene III,* this court affirmed the circuit court's denial of Greene's post-conviction petition, without a hearing, despite the original waiver. *Id.* at 75, 146 S.W.3d at 883. *Greene III* does not refer to Greene's waiver of postconviction relief. Nor does it appear that Greene requested that this court recall the mandate from *Greene I,* affirming his knowing and voluntary waiver of appellate and postconviction remedies.[2] A review of the docket sheet in this court confirms that the mandate in that case was never recalled. And yet this court took jurisdiction of the postconviction appeal after the original waiver. *See Greene III,* 356 Ark. 59, 146 S.W.3d 871.

The *Greene* cases, nevertheless, are distinguishable from the facts in the case at hand. In *Greene II,* which was the direct appeal of his judgment and sentence, this court said that "a writ of certiorari was issued to the court reporter to prepare the record," *Greene II,* 343 Ark. at 531, 37 S.W.3d at 583. Also, in a supplemental opinion, we recognized, "Greene himself rescinded his waiver of appeal in a communication with his trial attorney on December 2, 1999." *Id.* at 542, 37 S.W.3d at 590. After the writ of certiorari was granted, Greene pursued his direct appeal.

Hence, Greene rescinded his waiver of appellate remedies prior to filing his direct appeal, which was noted by this court in the supplemental opinion in *Greene II.* Unlike ⌊8⌋Greene, Roberts has never rescinded his waiver of appellate or postconviction remedies in this court. Roberts neither filed a petition to recall the mandate issued after the judgment was affirmed in 2003, nor has he petitioned this court to rescind his waiver, which was affirmed by this court in *Roberts II,* also in 2003. Because jurisdiction remained with this court following *Roberts II,* the circuit court never acquired jurisdiction to hear the Rule 37.5 petition in 2008. Without an order from this court reopening Roberts's postconviction proceedings and reinvesting jurisdiction in the circuit court, that court was without jurisdiction to proceed.

Once the appeal record is lodged with this court, the circuit court loses jurisdiction to issue subsequent rulings on a postconviction proceeding under Rule 37.1. *See, e.g., Watkins v. State,* 2010 Ark. 156, 362 S.W.3d 910 (per curiam) (holding that once a petitioner lodges an appeal transcript with the appellate court, the trial court loses jurisdiction to enter any further rulings in a Rule 37.1 proceeding). Because there is no provision otherwise, this jurisdictional rule applies to petitions under Rule 37.5. *See* Ark. R.Crim. P. 37.5(a). When the record was lodged in this court for *Roberts II,* the circuit court lost jurisdiction to make any subsequent rulings in a postconviction proceeding under Rule 37.5. Because jurisdiction was vested with this court upon the lodging of the *Roberts II* record, we disagree with Roberts's contention that his waiver is a mere procedural bar to relief. In the instant case, that first hearing was held in 2003, Roberts waived his rights to pursue further relief, and then this court affirmed the waiver that same year in *Roberts II.* Thus, the circuit court lost jurisdiction to hear any ⌊9⌋further postconviction proceedings under Rule 37.5, after the waiver order was affirmed by this court.

We therefore hold that where the ninety-day filing period under Rule 37.5(e) has expired and a waiver of postconviction relief has been affirmed by this court, a petitioner must file the appropriate motion to reopen postconviction proceedings before a Rule 37 petition can be brought in circuit court. *See Kemp,* 2009 Ark. 631, at 6, 2009 WL 4876473. Because this has not

2. The mandate in *Greene I* issued on October 5, 2001.

been done in the present case, the circuit court was without jurisdiction to entertain Roberts's Rule 37.5 petition, and this court is likewise without jurisdiction to hear an appeal from any decision of the circuit court in the matter. We, therefore, dismiss this appeal. Because we dismiss on the waiver point, we need not address the timeliness issue, also raised by the State.

Dismissed without prejudice.