2015 Ark. 325

**Terry Lee WARD, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–15–237**

Supreme Court of Arkansas.

Opinion Delivered September 17, 2015

PER CURIAM

In 2006, appellant Terry Lee Ward was sentenced to life imprisonment for the rape of an eleven-year-old girl. We affirmed. *Ward v. State,* 370 Ark. 398, 260 S.W.3d 292 (2007).

Ward subsequently retained counsel, and, in 2007, counsel timely filed Ward's verified petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (2006) in the trial court. In 2014, a hearing was held on the petition at which Ward was represented by counsel.[1] At the hearing, the trial court informed Ward that he must either allow counsel to represent him or choose to represent himself because the court would not tolerate Ward's demanding rulings on his pro se motions and

---

**1.** According to remarks at the Rule 37.1 hearing, there was a lengthy delay in acting on the petition as the result of Ward's being the subject of a federal prosecution on child pornography charges that stemmed from the same incident that led to the rape conviction in State court.

arguing with the court and arguing with counsel. Ultimately, the court declared that counsel would represent Ward on the ground that Ward refused to say whether he wished to represent himself. After two witnesses who were called by counsel had testified, Ward, who continued to interrupt the proceedings to insist on a continuance, was removed from the courtroom for failure to answer the court's questions, including the court's query on whether Ward desired to testify at the hearing. On August 25, 2014, the Rule 37.1 petition was denied. The trial court entered an order permitting Ward to proceed in forma pauperis on appeal, and counsel perfected the appeal.[2]

After the record on appeal was lodged here, counsel asked to be relieved, and Ward filed a pro se motion in which he also asked that counsel be relieved and new counsel appointed to represent him. We granted counsel's motion to be relieved and denied Ward's motion for appointment of another attorney.

Ward was advised of the briefing schedule for the appeal. Now before us are a number of motions filed by Ward. Before addressing the motions, we note that there was only one issue raised in Ward's Rule 37.1 petition, and the trial court did not consider any pro se pleadings filed by Ward, correctly finding that Ward was not entitled to representation by counsel and also proceed pro se in the same proceeding. *See Hamilton v. State*, 348 Ark. 532, 74 S.W.3d 615 (2002); *see also Monts v. Lessenberry*, 305 Ark. 202, 204, 806 S.W.2d 379, 381 (1991) (per curiam) (holding there is no right to a "hybrid" representation consisting of counsel and a criminal defendant both making arguments).

Ward argued in his petition that he did not receive effective assistance of counsel at trial because his attorney failed to properly proffer and present evidence subject to the "rape shield" law, codified at Arkansas Code Annotated section 16–42–101 (Repl. 1999). The pro se motions that are now before us appear to raise myriad issues that were not raised in the Rule 37.1 petition or at the evidentiary hearing. Also, intertwined throughout the motions is Ward's apparent claim that the evidence was not sufficient to support the judgment of conviction rendered at his trial. This court, however, has consistently held that attacks on the sufficiency of the evidence are direct attacks on the judgment that must be made at trial or on direct appeal. *Cotton v. State*, 293 Ark. 338, 339, 738 S.W.2d 90, 90 (1987). Furthermore, the Rule does not provide an opportunity to add evidence to the record, which Ward's motions repeatedly seek to do, or to otherwise refute evidence adduced at trial. *Davis v. State*, 345 Ark. 161, 172, 44 S.W.3d 726, 732 (2001).

For the sake of imposing some order on the disposition of the motions, we will address them individually. In instances where the motions overlap extensively in the relief sought, however, we will not repeat our ruling in each instance on the same question.

I. *Motion for Relief under Rule 2–2 and Belated Motion for Immediate Emergency Reinvest Jurisdiction in the Trial Court Rule 37 to Consider Such Issues and for a Ruling on Omitted Issues with Leave of the Court*

In the motions, Ward asks that this court reinvest jurisdiction in the trial

---

2. In a motion filed in the trial court in 2014, in which counsel sought to have the record prepared at public expense, counsel stated that he was retained by Ward's family to file the Rule 37.1 petition, but the family had expressed no interest in retaining him for the appeal. Counsel expressed his intention to seek to be relieved by the appellate court because there were "unresolvable differences" between him and Ward.

court to consider issues that were not addressed in the order that disposed of the Rule 37.1 petition. The motions are denied. We have held that due process does not require this court to reinvest jurisdiction in the trial court to obtain rulings on postconviction issues on which the trial court did not rule. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam). Once the appeal record is lodged with this court, the trial court loses jurisdiction to issue subsequent rulings on a postconviction proceeding under Rule 37.1. *Roberts v. State*, 2011 Ark. 502, at 8, 385 S.W.3d 792, 796.

## II. *Motions for Emergency Necessity and for Immediate Ruling*

The content of the motions is convoluted, and it is difficult to grasp the relief sought. Ward first states that he did not see the brief filed by his attorney on direct appeal until after the decision of this court affirming the appeal was rendered and the mandate had been issued. He further states that he was not served by his counsel in the instant appeal with a copy of counsel's motion to be relieved. He appears to contend that the decision on direct appeal and counsel's motion were wrongfully hidden from him by the Arkansas Department of Correction ("ADC"), but it is not made clear what the significance, if any, of the claims is to the instant appeal.

Ward also asserts that the State committed discovery violations at trial and concealed favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that his attorney on direct appeal could have raised additional issues. As apparent support for the claims, Ward alleges that there were a number of erroneous rulings by the trial court at his trial that arose from the concealment by the State of the information and that the trial court was biased. Ward argues at length that he should have been allowed a continuance to prepare for the Rule 37.1 hearing and that the hearing was not fairly conducted. He closes the motion with the request that this court direct that he receive copies of all records, including the videotapes of the victim, that were introduced into evidence at trial.[3] Ward does not make clear how the request pertains to this appeal, which concerns the trial court's ruling on whether trial counsel was ineffective for not pursuing the rape-shield allegation.

The motions are denied. Initially, we note that Rule 37.1 is not the appropriate vehicle for a direct attack on a judgment of conviction. *Justus v. State*, 2012 Ark. 91, at 4–5, 2012 WL 664259. Rule 37.1 does not provide a remedy when an issue could have been raised at trial or argued on appeal with the exception of errors that are so fundamental as to render the judgment of conviction void and

---

**3.** In the course of Ward's trial, the prosecution introduced evidence that was seized from Ward's recreational vehicle, including a videotape of a child getting into and out of the shower and numerous compact discs containing thousands of pornographic pictures. After the record was lodged on appeal, the State filed a motion to seal certain parts of the record and briefs containing material that showed naked minors and argued that good cause existed to protect minors from embarrassment and exploitation. We granted the motion, noting that the request was a particu-

larized request for which good cause had clearly been asserted. *Ward v. State*, 369 Ark. 313, 253 S.W.3d 927 (2007) (per curiam). In 2013, Ward filed a pro se motion, seeking at public expense a copy of certain material from the record lodged on direct appeal, most of which appeared to be included in the material under seal. We denied the motion, noting that we have recognized the inherent authority of the trial court to control court records, and, thus, the right to inspect public records is not absolute. *Id.*

subject to collateral attack. *Reed v. State,* 375 Ark. 277, 279, 289 S.W.3d 921, 922 (2008). Ward has not demonstrated that he cannot address in his brief the issue raised below in the Rule 37.1 petition.

■ It appears that Ward is merely employing the motions as a means to reargue issues that were, or could have been, raised at trial, and raise issues that could have been alleged in his Rule 37.1 petition but were not. The trial in Ward's case was the means to address the strength of evidence against him and any discovery violations. Even if there were a *Brady* violation, the instant motion would not be the correct vehicle to raise it as the claim was not raised in the Rule 37.1 petition. *Thornton v. State,* 2014 Ark. 113, at 2, 2014 WL 1096263 (per curiam). There is nothing in the motions to establish that Ward is entitled to a copy of any particular material to proceed with this appeal.

III. *Motion for Court to Cause to Happen by Issuing of Additional Orders and Ordering the Court's Clerk to Issue the Court's Orders as Directed*

The motion is similar to the prior motion. Ward asks for copies of all the documents pertaining to his case on file with the trial court or this court or in the possession of any of his former attorneys or the State. He also asks that this court take steps to prosecute one of his attorneys and a notary public for wrongdoing with respect to his case.

The motion is denied inasmuch as Ward has not shown that he cannot pursue this appeal without the material he desires or even that all the material he desires was a part of the record below or that he is otherwise entitled to production of the doc-

uments for his use. As to the prosecution of the attorney and notary public, Ward has stated no ground for this court to act on.

IV. *Motion for Permission to Reinvest to Circuit Court for Motion for Relief under Rule 60, Ar. [sic] R. Civ. P., with Leave of Court*

Ward next seeks to have jurisdiction reinvested in the trial court so that he may proceed under Arkansas Rule of Civil Procedure 60 (2015). Ward bases the motion on the contention that his counsel in the Rule 37.1 proceeding failed to advise him of the full content of the Rule 37.1 petition that Ward signed and verified.[4] He also contends that he did not sign the petition as the notary public indicated that he had done. He asks to be allowed to file a new Rule 37.1 petition in the trial court.

■ Ward has not stated a ground for relief under Rule 60. Rule 60 does not apply to criminal cases to effect the relief sought by Ward under Rule 37.1. *See State v. Wilmoth,* 369 Ark. 346, 353, 255 S.W.3d 419, 424 (2007) (citing *McArty v. State,* 364 Ark. 517, 221 S.W.3d 332 (2006) (per curiam)). Any ground for relief that Ward desires to raise in this appeal pertaining to the Rule 37.1 proceeding in his case should be raised by Ward in his brief in this appeal based on the record lodged in this appeal.

V. *Belated Motion for the Court's Record and Appellant's Objections and Belated Motion for the Court's Record and Appellant's Objections Additional*

■ As with the prior motions, Ward asks this court to expand the record with documents that he would like to have con-

---

4. Ward asks that this court find that counsel violated the rules governing the professional conduct of attorneys. Any such complaint should be addressed to our Committee on Professional Conduct.

sidered as part of the Rule 37.1 proceeding. The motion is denied because Ward has not established that there is any pertinent document missing from the record that was considered by the trial court when it acted on his petition. Because an appeal from an order denying a Rule 37.1 petition is the review of the decision made by the trial court based on the petition before it, an appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal or add factual substantiation to the allegations made below. *Thornton*, 2014 Ark. 113, at 2, 2014 WL 1096263.

## VI. *Motion for the Court to Cause an Immediate Order to Re Issued Ordering Arkansas Department of Correction's Director, Wendy Kelley, to Immediately to Provide the Court and Terry Tee Ward by Certificate of Authority, by Way the Arkansas Department of Correction's Director, Wendy Kelley, a Copy of its Records as Stated Herein, or with Leave of the Court as Ordered by the Court*

Ward seeks an order from this court to the director of the ADC to provide him with a copy of records and documents. The director, however, is not a party to this appeal and has no obligation to provide Ward with the material.

## VII. *Motion for Leave to File Pro Se Motions Without Notarized Signature Verification*

In the motion, Ward asks that he be permitted to file any pro se motion without verification of his signature on the ground that the staff of the ADC will not assist him in obtaining the services of a notary and because the circumstances of his incarceration have made it difficult for him to prepare his brief for this appeal.

It is the practice of this court to require notarized signatures on pro se motions to prevent perjury and assure that prison inmates who are assisted by other inmates in the preparation of their pro se pleadings have actually read and approved the pleading. We take judicial notice that this court receives hundreds of pro se pleadings each year from prison inmates; the pleadings are notarized by prison staff and duly filed here without any apparent delay in the submission of those pleadings by the inmate. Likewise, significant numbers of pro se briefs are timely filed by prison inmates. Ward has not shown that he should be treated differently than any other pro se appellant on appeal.

## VIII. *Motions for Extension of Time to File Brief*

Ward has filed three motions for extension of time to file the appellant's brief in this appeal. The motions are granted in part and denied in part.

Ward asks in the motions that the time to file the brief be extended forty days beyond the point where his motions, including those seeking a copy of additional documents and records, have been acted on by this court and granted. As stated, the motions that Ward has filed in this appeal, which have already been discussed, have been denied. We grant Ward an extension of time to file his brief of forty days from the date of this opinion. Because there was a hearing held on the petition, a copy of the record will be provided to Ward to prepare his brief. The copy of the record must be returned to this court when the brief is submitted for filing. The mere fact of indigency does not entitle Ward to a copy of the record in this appeal at public expense. *See Henderson v. State*, 287 Ark. 346, 699 S.W.2d 397 (1985).

We take this opportunity to note again that there was only one issue raised in Ward's Rule 37.1 petition, and the trial court did not consider the pro se pleadings. Accordingly, Ward's brief in this appeal must pertain to the sole issue raised in his petition and addressed by the trial court in its order, which is the only order being reviewed in this appeal. This appeal is not a means to argue issues that were not addressed in the order that is the subject of the appeal. *See Tornavacca v. State*, 2012 Ark. 224, at 19, 408 S.W.3d 727, 739.

Motions for extension of brief time granted in part and denied in part; all other motions denied.