
SLIP OPINION

Cite as 2016 Ark. 9

# SUPREME COURT OF ARKANSAS.
### No. CR-15-534

| | | |
|---|---|---|
| KIRK H. DEMEYER | | **Opinion Delivered** January 14, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT |
| V. | | [NO. 03CR-09-99] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN R. PUTMAN, JUDGE |
| | | AFFIRMED. |

**PER CURIAM**

In 2009, appellant Kirk H. Demeyer entered a negotiated plea of guilty to rape and was sentenced to a term of 480 months' imprisonment. On February 10, 2015, Demeyer filed in the trial court a pro se motion seeking a copy at public expense of "all transcripts from the first appearance to the last hearing (error coram nobis hearing); also the hearing or appearances for my criminal charges." He stated, without further explanation, that the material was needed to allow him to "amend his petition for postconviction relief." The trial court denied the motion, and Demeyer brings this appeal. Because the trial court did not err in denying the relief sought, the order is affirmed.

It is well settled that indigency alone does not require a trial court to provide a petitioner with free photocopying. *McDaniel v. State*, 2015 Ark. 229, at 3 (per curiam); *Henderson v. State*, 287 Ark. 346, 347, 699 S.W.2d 397, 398 (1985). To be entitled to a copy of a transcript or other written material at public expense, a convicted defendant must demonstrate to the court a compelling need for the transcript or other material to support a

specific allegation contained in a timely petition for postconviction relief. *Williamson v. State*, 2015 Ark. 85, at 2 (per curiam). Unless a petitioner identifies some postconviction remedy that is currently available to him and for which he needs the requested materials to proceed, he has failed to meet his burden of demonstrating a compelling need. *Wade v. State*, 2014 Ark. 492, at 4 (per curiam).

Here, Demeyer made no showing in his motion that there was a particular postconviction remedy available to him, and he failed to demonstrate that there was a compelling need for the material he requested. In the section of his motion that instructs him to list the reasons for the materials, he merely stated the materials he was requesting without providing any reason for them. Accordingly, there was no ground on which the trial court could properly grant the motion.

Affirmed.

*Kirk H. Demeyer*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.